LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-3676 GAF (FMOx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Peisner v. Genworth Life Ins. Co. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| None | | None | |

**Proceedings:**      (In Chambers)

### ORDER TO SHOW CAUSE

Plaintiff brings his state law claims against defendant Genworth on behalf of himself and those similarly situated under the Court's diversity jurisdiction. 28 U.S.C. § 1332. While Plaintiff has sufficiently alleged the amount in controversy, the diversity allegations are lacking because the Complaint fails to properly allege Genworth's principal place of business. Because it is possible that Genworth's principal place of business is California, which would destroy diversity and eliminate the Court's jurisdiction, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

According to the diversity statute, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, § 1332(c)(1) requires Plaintiff to allege both the state of incorporation and principal place of business of the defendant. In the Ninth Circuit, being "headquartered" in a particular state alone is not sufficient for alleging a corporation's principal place of business. Tosco Corp. v. Cmtys. for Better Env't, 236 F.3d 495, 500 (9th Cir. 2001). Under the "place of operations" approach, a corporation's principal place of business is where a majority of the corporation's business activity takes place unless "no state contains a substantial predominance of the corporation's business activities." Id. Under the "place of operations" test, a corporation's headquarters is only one factor in determining its principal place of

LINK:  1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3676 GAF (FMOx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Peisner v. Genworth Life Ins. Co. | | |

business.  Id. at 502.  Where the corporation's business is not conducted predominantly in one state, the Court applies the "nerve center" test, which "locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed."  Id.; accord Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

Plaintiff alleges the following: There is complete diversity between the parties.  (Compl. ¶ 1.)  Plaintiff is a citizen of California and Genworth is incorporated under the laws of Delaware and has its home office in Delaware.  (Id.)  Genworth's main administrative office is in Richmond, Virginia.  (Compl. ¶ 11.)  "However, Genworth continues to operate its main claims facility for LTC policies in San Rafael, California."  (Compl. ¶ 1.)

Plaintiff explains that from April 1, 1994 until January 1, 2006, Genworth's principal place of business was in San Rafael, California.  (Compl. ¶ 11.)  Yet, Plaintiff never clearly alleges what state currently serves as Genworth's current principal place of business.  Plaintiff alleges "Genworth's business operations have since then [2006] been conducted somewhat autonomously in multiple geographic locations throughout the United States.  However, Genworth continues to handle claims for LTC policies at its facility in San Rafael, California."  (Compl. ¶ 11.)

Applying the rules for determining a corporation's principal place of business to this case, the Court determines Plaintiff has not adequately alleged the existence of diversity jurisdiction because he has not clearly stated Genworth's current principal place of business.  Plaintiff has alleged the location of Genworth's home office, its main administrative office, and its main claims facility, none of which are in the same state.  The location of these offices is relevant to, but not dispositive of, the question of Genworth's principal place of business.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must respond in a written memorandum to be filed on or before **Tuesday, September 8, 2009**.  Submission of an amended complaint correcting the deficiencies herein noted will also be deemed a sufficient response to this order.  Failure to respond will result in the Court dismissing the action.

**LINK:  1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3676 GAF (FMOx) | Date | August 24, 2009 |
|---|---|---|---|
| Title | Peisner v. Genworth Life Ins. Co. | | |

IT IS SO ORDERED.